## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JIMMY A. MONDRAGON,

             Plaintiff,

vs.                                                                    No. CV 18-00703 WJ/LF

RUSS GOULD,
CITY OF CLOVIS, and
CLOVIS POLICE DEPARTMENT,

             Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Jimmy A. Mondragon (Doc. 1) ("Complaint"). The Court will dismiss Plaintiff's Complaint for failure to state a claim on which relief can be granted but will allow Plaintiff the opportunity to file an amended complaint.

### I.  Factual and Procedural Background

At the time the Complaint was filed, Plaintiff Jimmy A. Mondragon was incarcerated at the Curry County Detention Center. (Doc. 1 at 1, 5). In his Complaint, Mondragon alleges that Clovis Police Offer Russ Gould "negligently did his job when he failed to apprehend the Plaintiff and instead used his Taser." (Doc. 1 at 2). In addition to Officer Gould, Plaintiff names the City of Clovis and the Clovis Police Department as Defendants. (Doc. 1 at 1). Although the factual allegations of the Complaint are sparse, Mondragon appears to be asserting claims related to his pre-incarceration arrest, rather than to any events occurring during his confinement. (Doc. 1 at 2-3).

Plaintiff asserts three claims against Defendants: (1) violation of his 8th Amendment right to be free of cruel and unusual punishment; (2) deprivation of life, liberty, and property without due process; and (3) violation of his 4th Amendment rights without due process.  (Doc. 1 at 2-3). For his 8th Amendment claim, Mondragon alleges "Defendant violated Plaintiff's 8th Amendment rights via inflicting cruel and unusual punishment." (Doc. 1 at 2).  For his second, due process, claim Mondragon contends that "[t]he defendant deprived Plaintiff of life, liberty and property without due process."  (Doc. 1 at 3). "[W]hen the defendant hit the plaintiff with the Tazer, he violated Plaintiffs 14th Amendment by depriving Plaintiff of life—without pre-knowledge the Plaintiff even had any warrants."  (Doc. 1 at 3).  Last, in Claim III, Mondragon argues that "Plaintiff 4th Amendment rights were violated by the Plaintiff (sic)." (Doc. 1 at 4). "Plaintiff was Tazed prior to knowledge of any warrants depriving him of life, liberty and property without due process."  (Doc. 1 at 4).  In his request for relief, Plaintiff Mondragon seeks $15,000 in sanctions and for Defendants not to retaliate against him.  (Doc. 1 at 5).[1]

## II.  The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Mondragon is proceeding pro se and *in forma pauperis*.  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if

---

[1] Plaintiff Mondragon's prayer for relief asks the Court to sanction "both officers", but he only identifies one officer, Gould, in his Complaint.  (Doc. 1 at 5).

"it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

### III. <u>Analysis of Plaintiff Mondragon's Claims</u>

#### A.  Standards for Section 1983 Claims

Plaintiff Mondragon seeks relief under 42 U.S.C. § 1983.  Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution.  *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006).  Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action,

- 4 -

it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.  The Court concludes that Plaintiff's Complaint fails to state a claim for relief under § 1983.

### B. Claims Against Officer Gould

Plaintiff names Russ Gould as a Defendant and identifies Gould as a police officer with the Clovis Police Department (Doc. 1 at 1).  Plaintiff Mondragon claims that Officer Gould violated his 8th Amendment right to be free from cruel and unusual punishment. (Doc. 1 at 2). However, the 8th Amendment applies to excessive force claims brought by convicted prisoners, not claims brought by pretrial detainees under the 14th Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 400–01 (2015). Pretrial detainees, unlike convicted prisoners cannot be punished at all, much less "maliciously and sadistically." *Ingraham v. Wright,* 430 U.S. 651, 671–672, n. 40 (1977). At the time of the events in question, Mondragon was an arrestee, not a convicted prisoner and, therefore, the 8th Amendment does not apply to his claims. The Complaint fails to state a claim for § 1983 relief based on violation of the 8th Amendment. *Kingsley*, 576 U.S. at 400–01.

Plaintiff Mondragon also contends that Officer Gould's actions violated his due process rights.  (Doc. 1 at 2).  Mondragon argues that the use of the Taser violated his 14th Amendment due process rights before having knowledge there were warrants for his arrest.  (Doc. 1 at 2). Courts analyze claims alleging use of force in the course of an arrest under the 4th Amendment,

not under due process. *Graham v. Conner,* 490 U.S. 386, 395 (1989). Because the 4th Amendment provides an explicit textual source of constitutional protection against physically intrusive governmental conduct, that Amendment, not the more generalized notion of substantive due process, guides the analysis of these claims. All claims that law enforcement officers have used excessive force in the course of an arrest, should be analyzed under the 4th Amendment and its reasonableness standard, rather than under a substantive due process' approach. *Graham.* 490 U.S. at 395.  Mondragon's contention that Officer Gould violated his 14th Amendment due process rights fails to state a claim on which relief can be granted. *Kingsley*, 576 U.S. at 400–01.

Plaintiff Mondragon's third claim does make reference to the 4th Amendment.  However, Mondragon does not allege use of excessive force but, again, argues that the use of the Tazer before knowledge of the existence of warrants for his arrest violated his due process rights.  (Doc. 1 at 2).  As with his 14th Amendment claim, Mondragon's contention that 4th Amendment due process rights were violated fails to state a claim for relief.  *See Berry v. City of Muskogee,* 900 F.2d 1489, 1493–94 (10th Cir.1990).

### C.  Claims Against the City of Clovis

Plaintiff Mondragon names the City of Clovis as a Defendant in this case.  (Doc. 1 at 1).  A municipality cannot be held liable for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir.2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Instead, a municipality is liable under § 1983 only where the employee's unconstitutional conduct occurred while he was carrying out a policy or custom established by the municipality, and there is a direct causal link between the

policy or custom and the injury alleged. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir.1993)).

The Tenth Circuit has determined that the municipal policy or custom required to support § 1983 municipal liability must be based on evidence of (1) a formal regulation or policy statement, (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law, (3) the decisions of employees with final policymaking authority, (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval, or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused. *Brammer–Hoelter,* 602 F.3d at 1189–90 (quoting *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127 (1988) and *City of Canton v. Harris,* 489 U.S. 378, 388–91 (1989)). As a general rule, a single incident of unconstitutional conduct is not enough. Rather, a plaintiff must show that the incident resulted from an existing, unconstitutional policy attributable to a municipal policymaker. *Nielander v. Board of County Comm'rs,* 582 F.3d 1155, 1170 (10th Cir.2009) (citing *Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24 (1985)). Plaintiff Mondragon does not identify any policy or custom of the City of Clovis or allege how any policy or custom of the City of Clovis resulted in aa violation of Mondragon's constitutional rights. The Complaint fails to state a municipal liability claim against the City of Clovis. *Bryson v. City of Oklahoma City,* 627 F.3d at 788.

### D. Claims Against the Clovis Police Department

Plaintiff Mondragon also names the Clovis Police Department as a Defendant. (Doc. 1 at 1). As a general rule, governmental sub-units are not separate suable entities that may be sued

under § 1983. *See Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir.1985). Consequently, the

Courts have held that municipal police departments are not separate suable entities. *Martinez v.*

*Winner,* 771 F.2d at 444.  ("The 'City of Denver Police Department' is not a separate suable

entity"). The Clovis Police Department is not a suable entity under § 1983 and the Complaint does

not state any claim for relief against the Clovis Police Department. *Hinton v. Dennis*, 362 F. App'x

904, 907 (10th Cir. 2010).

### IV.  The Court Will Grant Leave to Amend

Plaintiff's Complaint suggests a possible 4th Amendment excessive force claim.  However,

it is not the Court's function to craft legal theories for Mondragon or act as his advocate. *Hall v.*

*Bellmon,* 935 F.2d at 1110.  Mondragon's Complaint makes only generalized allegations and

inapplicable claims of cruel and unusual punishment and due process violations.  (Doc. 1 at 2, 8,

9). As a result, the Complaint fails to state a sufficient claim for relief under Fed. R. Civ. P. 12(b)(6)

or 28 U.S.C. § 1915(e)(2)(B).  *Ashcroft v. Iqbal,* 556 U.S.  676. Because it is possible that Plaintiff

could allege an excessive force claim under the 4th Amendment, the Court will grant Mondragon

an opportunity to amend to remedy the defects in his pleading.  *Hall v. Bellmon,* 935 F.2d at 1109.

However, the Court cautions Mondragon that any claim against an individual defendant must

contain specific factual allegations identifying who each individual is, what that individual did,

and how that individual's actions deprived Mondragon of a 4th Amendment constitutional right.

*Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not

sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

Also, in order to state a claim against any municipal defendant, Mondragon must establish

an express policy or custom, or the provision of inadequate training, or a practice so widespread

as to constitute custom or usage with the force of law and that the policy or custom of the defendant

- 8 -

was a direct cause or moving force for the constitutional violation. *Bryson v. City of Oklahoma City,* 627 F.3d at 788. Mondragon may not assert any further claims against non-suable entity Clovis Police Department. *Martinez v. Winner,* 771 F.2d at 444. The Court will grant Mondragon leave to amend the Complaint to allege any claims he believes he may have against any individual defendant or entity, consistent with the requirements of Fed.R.Civ.P. 11(b) and this Memorandum Opinion and Order. Mondragon must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

**(1)** the Prisoner's Civil Rights Complaint filed by Jimmy A. Mondragon (Doc. 1) is **DISMISSED** for failure to state a claim o which relief may be granted; and

**(2)** Plaintiff Jimmy A. Mondragon is granted leave to file an amended complaint within 30 days after entry of this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE