IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

JIMMY A. MONDRAGON,

        Plaintiff,

vs.                                                                                                      No. CV 18-00703 WJ/LF

RUSS GOULD,
CITY OF CLOVIS, and
CLOVIS POLICE DEPARTMENT,

        Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(b)(6) on the Prisoner's Civil Rights Complaint filed by Plaintiff Jimmy A. Mondragon (Doc. 1) ("Complaint"). On October 26, 2020, the Court entered its Memorandum Opinion and Order dismissing Plaintiff's Complaint but granting Plaintiff leave to file an amended complaint within 30 days. (Doc. 13). More than 30 days has elapsed, and Plaintiff Mondragon has not filed an amended complaint or communicated with the Court. Therefore, the Court will now dismiss Plaintiff's Complaint with prejudice for failure to state a claim on which relief can be granted.

### I. Factual and Procedural Background

At the time the Complaint was filed, Plaintiff Jimmy A. Mondragon was incarcerated at the Curry County Detention Center. (Doc. 1 at 1, 5). In his Complaint, Mondragon alleges that Clovis Police Offer Russ Gould "negligently did his job when he failed to apprehend the Plaintiff

and instead used his Taser." (Doc. 1 at 2). In addition to Officer Gould, Plaintiff names the City of Clovis and the Clovis Police Department as Defendants. (Doc. 1 at 1). Although the factual allegations of the Complaint are sparse, Mondragon appears to be asserting claims related to his pre-incarceration arrest, rather than to any events occurring during his confinement. (Doc. 1 at 2-3).

Plaintiff asserts three claims against Defendants: (1) violation of his 8th Amendment right to be free of cruel and unusual punishment; (2) deprivation of life, liberty, and property without due process; and (3) violation of his 4th Amendment rights without due process. (Doc. 1 at 2-3). For his 8th Amendment claim, Mondragon alleges "Defendant violated Plaintiff's 8th Amendment rights via inflicting cruel and unusual punishment." (Doc. 1 at 2). For his second, due process, claim Mondragon contends that "[t]he defendant deprived Plaintiff of life, liberty and property without due process." (Doc. 1 at 3). "[W]hen the defendant hit the plaintiff with the Tazer, he violated Plaintiffs 14th Amendment by depriving Plaintiff of life—without pre-knowledge the Plaintiff even had any warrants." (Doc. 1 at 3). Last, in Claim III, Mondragon argues that "Plaintiff 4th Amendment rights were violated by the Plaintiff (sic)." (Doc. 1 at 4). "Plaintiff was Tazed prior to knowledge of any warrants depriving him of life, liberty and property without due process." (Doc. 1 at 4). In his request for relief, Plaintiff Mondragon seeks $15,000 in sanctions and for Defendants not to retaliate against him. (Doc. 1 at 5).[1]

## II. **Dismissal of Plaintiff Mondragon's Claims**

Plaintiff Mondragon seeks relief under 42 U.S.C. § 1983. In the Court's October 26 Memorandum Opinion and Order, the Court determined that Plaintiff Mondragon's pleading was

---

[1] Plaintiff Mondragon's prayer for relief asks the Court to sanction "both officers", but he only identifies one officer, Gould, in his Complaint. (Doc. 1 at 5).

deficient and failed to state a § 1983 claim for relief.  (Doc. 13 at 9).

Plaintiff names Russ Gould as a Defendant and the Clovis Police Department (Doc. 1 at 1).  Mondragon claims that Officer Gould violated his 8th Amendment right. (Doc. 1 at 2).   The Court concluded that, as a pretrial detainee, the 8th Amendment does not apply to his claims. *Kingsley v. Hendrickson*, 576 U.S. 389, 400–01 (2015); *Ingraham v. Wright,* 430 U.S. 651, 671–672, n. 40 (1977). Mondragon's Complaint fails to state a claim for § 1983 relief based on violation of the 8th Amendment.  *Kingsley*, 576 U.S. at 400–01.  (Doc. 13 at 5-6).

Plaintiff Mondragon also contends that Officer Gould's use of the Taser before having knowledge there were warrants for his arrest violated his 14th Amendment due process rights. (Doc. 1 at 2).   The Court concluded that Mondragon's allegations more properly raised use of force in the course of an arrest under the 4th Amendment, not under due process. *Graham v. Conner,* 490 U.S. 386, 395 (1989). Because claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the 4th Amendment and its reasonableness standard, rather than under a substantive due process' approach Mondragon's contention that Officer Gould violated his 14th Amendment due process rights fails to state a claim on which relief can be granted. *Graham.* 490 U.S. at 395; *Kingsley*, 576 U.S. at 400–01. (Doc. 13 at 5-6).

Although Plaintiff Mondragon's third claim does make reference to the 4th Amendment, Mondragon does not allege use of excessive force but, again, argues that the use of the Tazer before knowledge of the existence of warrants for his arrest violated his due process rights.  (Doc. 1 at 2).  As with his 14th Amendment claim, the Court concluded that Mondragon's contention that 4th Amendment due process rights were violated fails to state a claim for relief.  *See Berry v. City of Muskogee,* 900 F.2d 1489, 1493–94 (10th Cir.1990).  (Doc. 13 at 6).

Plaintiff Mondragon names the City of Clovis as a Defendant in this case.  (Doc. 1 at 1). However, a municipality cannot be held liable for the unconstitutional conduct of its employees under a theory of *respondeat superior. Monnell v. Dep't of Social Services,* 436 U.S. 658, 690 (1978); *Brammer–Hoelter v. Twin Peaks Charter Academy,* 602 F.3d 1175, 1188 (10th Cir.2010) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986)). Instead, a municipality is liable under § 1983 only where the employee's unconstitutional conduct occurred while he was carrying out a policy or custom established by the municipality, and there is a direct causal link between the policy or custom and the injury alleged. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010) (citing *Hinton v. City of Elwood,* 997 F.2d 774, 782 (10th Cir.1993)).  Because Plaintiff Mondragon does not identify any policy or custom of the City of Clovis or allege how any policy or custom of the City of Clovis resulted in aa violation of Mondragon's constitutional rights, the Court determined that the Complaint fails to state a municipal liability claim against the City of Clovis.  *Bryson v. City of Oklahoma City,* 627 F.3d at 788. (Doc. 13 at 6-7).

Last, Plaintiff Mondragon also names the Clovis Police Department as a Defendant.  (Doc. 1 at 1).  However, municipal police departments are not separate suable entities. *Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir.1985). Because the Clovis Police Department is not a suable entity under § 1983, the Court ruled that the Complaint does not state any claim for relief against the Clovis Police Department. *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010). (Doc. 13 at 7-8).

The Court ruled that Plaintiff Mondragon's Complaint is insufficient and fails to state a § 1983 claim for relief against any named Defendant.  (Doc. 13 at 8-9).  The Court dismissed Mondragon's Complaint without prejudice and granted Mondragon leave to file an amended complaint to remedy the deficiencies in his pleading.  (Doc. 13 at 8-9).  Mondragon has not filed

4

an amended complaint or communicated with the Court in any way since entry of the October 26, 2020 Memorandum Opinion and Order. Therefore, the Court will now dismiss Plaintiff Mondragon's Complaint with prejudice for failure to state a claim on which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(2)(B); Fed. R. Civ. P. 12(b)(6).

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Jimmy A. Mondragon (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE